## Lovejoy *vs.* Bowers.

One partner cannot sell, or mortgage, his undivided interest in a specific part of the property belonging to the partnership.

If he may mortgage his interest in all the partnership property, such mortgage cannot avail against the creditors of the partnership, who attach the partnership property.

And there is no distinction, in this respect, between creditors who were such prior to the mortgage, and those who became so subsequently.

Assumpsit, for money had and received.

On the trial, it appeared in evidence that on the 8th of April, 1837, Frederick Lovejoy and John Holt were in partnership, and were possessed of 46 horses, four stage coaches, one carryall, one stage waggon, two stage sleighs, and the harnesses belonging to the same, and used with them ; and on that day said Frederick Lovejoy conveyed to the plaintiff, Abiel Lovejoy, by a mortgage deed, " one undivided half, being all his right, title, interest, and share," in and to the property aforesaid, to secure the payment of a note, of the same date, executed by said Frederick to the plaintiff, for the sum of $500, on demand, and interest.

The mortgage was duly recorded the same day.

The plaintiff knew that the property belonged to the partnership when the mortgage was executed, and the property remained in the possession of the partnership, and was used by the partners, in their business, up to the time of the attachment hereafter mentioned.

On the 2d November, 1838, all the property of the partnership was attached, by the defendant, as deputy sheriff, on sundry writs against the partnership, founded on partnership debts. Judgments were rendered on said demands, February term, 1839, and the property sold on the executions, by the defendant, March 16. The amount of the sale was $3050, which was not sufficient to satisfy the executions. Part of the executions were founded on claims which accrued prior to the mortgage. The amount of the debts and cost of this class was $410. The other executions

were founded on claims which arose subsequent to the mortgage.

On the day of the sale, and before it took place, the plaintiff gave special notice, of his mortgage, to the defendant, and informed him that he should not object to the defendant's proceeding to sell, and to his giving the purchasers a reasonable credit, but that if the defendant did proceed to sell he should consider him as acting as his agent in such sale, so far as to secure him the payment of his said note and interest.

The defendant having received the money upon all the sales, the plaintiff, in July, 1839, demanded of him the amount due upon the note, and, upon his refusal to pay, commenced this action.

A verdict was taken for the plaintiff, by consent, for the amount of his claim; judgment to be rendered thereon, or the verdict to be amended, or set aside and judgment entered for the defendant, according to the opinion of this court upon the foregoing case.

*Emerson*, *&* *G. Y. Sawyer*, for the defendant. The partnership property is to be applied in the first place to the payment of the partnership debts. 8 *N. H. Rep.* 246.

If the mortgage was of all the share of Frederick Lovejoy, the plaintiff would seem to be a partner, and to have the rights of a partner, if the mortgage was valid.

*Farley*, *&* *Livermore*, for the plaintiff. It is to be inferred that the property described in the mortgage was all the property of the partnership.

A partner can assign his interest to third persons. 3 *Kent's Com.* 54, 59; 7 *Pick. R.* 235, *Kingham* vs. *Spurr*; 7 *N. H. Rep.* 352, *Gibson* vs. *Stevens*; 8 *N. H. Rep.* 238, *Morrison* vs. *Blodgett*. If he can assign his interest, he may mortgage. *Gow on Part.* 5.

One partner cannot introduce a stranger into the concern, but he may vest in him his interest. 1 *Powell on Mort.* 17.

Every thing which may be sold may be the subject of mortgage.

If a partner can mortgage his interest at all, the mortgage is good here against the subsequent creditors. If any thing remained in the mortgager at that time, it passed to the mortgagee.

This gave no false credit, and there is no propriety in permitting the subsequent creditors to hold against the mortgagee.

The mortgagee might perhaps have stopped the partnership—might have claimed a dissolution—but it was not necessary for him to do so. If he might have stopped the partnership, and had a settlement, he ought not to be in a worse situation because he did not do so; for the other partner, and the creditors, went on with full knowledge.

If it be said, that there may be other debts contracted before the mortgage, our answer is, that makes no difference. If the mortgagee does not hold the money, the attaching creditors will take it.

PARKER, C. J. We are of opinion that one partner cannot sell, or mortgage, an undivided interest in a specific part of the property belonging to the partnership. The property constitutes a fund, or capital, to carry on the business of the partnership, and to pay partnership creditors; and the separate interest of each partner is an interest in the surplus. 8 *N.H.Rep.* 338, *Morrison* vs. *Blodgett.*

If it had appeared that the mortgage, in this case, comprised all the partnership property, it might perhaps be considered as a mortgage of the share of Frederick Lovejoy in the surplus. But in that view, it cannot avail against the defendant, because the property is all appropriated to the payment of partnership creditors.

The distinction between prior and subsequent creditors, taken in the argument, cannot be supported.

If a mortgagee of the entire interest of one partner, in the

Lovejoy v. Bowers.

partnership, might, by virtue of the mortgage, require the partnership then to be dissolved and closed, (which we do not decide,) the plaintiff, even if his mortgage covered all the property, did not do this, and the partnership having continued, his right, if any, could be only a right to what remained when the dissolution took place. The partnership having continued, we have no means of ascertaining what the surplus might have been when the mortgage was made. There might then have been nothing. All the property now taken by the subsequent creditors may in fact have been supplied by them, or have been derived from profits on contracts made with them, and in that case they have taken nothing to which the plaintiff would have been entitled at the time his mortgage was made.

Considered as a mortgage of the interest of one partner in the partnership property ; and admitting that such a mortgage might be valid as between the parties ; the mortgagee, having permitted the mortgager to continue the business, could only be entitled to such surplus as might remain after the payment of the partnership debts, whether contracted before or after the execution of the mortgage. He could stand in no better situation than the mortgager in this respect.

*Verdict set aside, and judgment for the defendant.*