### FRENCH *vs.* LOVEJOY & Trustee.

An assignment of partnership property, for the security and payment of the creditor of an individual partner, is invalid against the partnership creditors.

S. held a contract, upon which certain money was to be received for the benefit of L. & H., who were partners. L. & H. ordered the money, when received, to be paid over to A. L., to whom the partnership was indebted, and L., a surviving partner, after the death of H. made a formal assignment of the money to A. L., to be appropriated to the payment of his demands against the partnership. After this, S. received the money, at different times, and paid it over to A. L. The plaintiff in the mean time summoned S. and A. L. as trustees of L. & H.—*Held*, that A. L. was entitled to so much of the money as would satisfy his demands against the partnership, but that he was not entitled to retain for the private debt of L., the surviving partner, nor for the debts of other creditors of L. & H., to whom, without any authority, he had said that if there was any balance in his hands, he would pay the debts.—*Held*, also, that under these circumstances S. ought to be discharged, and A. L. charged as trustee.

FOREIGN ATTACHMENT. The action was founded upon a debt of Frederic Lovejoy and John Holt, who were formerly partners—Holt having deceased.

It appeared from the disclosure of George W. Senter, one of the trustees, that on the first of May, 1837, he made a contract with the post-office department, for the transportation of the mail from Nashua to Brattleborough, at the request of Lovejoy & Holt, who agreed to carry the mail according to the contract, and to save him harmless; and they entered upon the performance of the contract.

On the second of April, 1838, Lovejoy & Holt sold certain of their stage property to I. B. Crandall and others, and in payment thereof received from them a bond to carry the mail from Keene to Peterborough, at their own expense, until April 1, 1840. Crandall and others carried the mail according to their contract, Lovejoy & Holt being entitled to the compensation to be received from the post-office department therefor.

March 30, 1839, Lovejoy & Holt, having failed, assigned this bond to Abiel Lovejoy, and authorized him to enforce it for his own benefit, and they gave notice to Senter to pay whatever might be due them on the contract to him, it "being for value received," drawing an order on Senter for that purpose, which he declined to accept.

On the 28th of December, 1839, Holt having deceased, Frederic Lovejoy, as surviving partner, in consideration that the firm, and that he as surviving partner, were indebted to Abiel Lovejoy in sundry notes and sums of money, assigned to him all the claim and demand which he had against Senter on account of this contract, and for transporting the mail, and all interest in the contract, and authorized him to receive of Senter whatever money ought to be paid to him as surviving partner, in pursuance of the contract, to be appropriated in discharge of the notes and debts, so far as the same might go.

At different times between the 7th of May, 1839, and the 20th of May, 1840, Senter received sundry sums of money upon the contract, the proportion of which, for carrying the mail between Keene and Peterborough, amounted to $1040, which he paid over to Abiel Lovejoy, at different times, taking his receipt, and engagement to indemnify him. Part of the money thus paid over, amounting to $460, was received and paid after the service of the plaintiff's writ, which was served December 31, 1839.

Abiel Lovejoy, the other trustee, in his disclosure admitted the receipt of the money from Senter, on the order and as-

signment of Lovejoy & Holt, but claimed to retain and apply the same in discharge of debts due himself from the partnership, and upon debts due him from Frederic Lovejoy alone, which amounted in the whole to more than the sums received.

He also set forth, that at the request of certain of the creditors of Lovejoy & Holt, he had given them to understand that he would pay them any balance which he might receive beyond what was thus due to him, and claimed the right to appropriate any sums which he could not retain, if any, to the discharge of those demands.

*D. J. Clark*, for the plaintiff, contended that the whole assignment was fraudulent, and cited *Tucker* vs. *Welch*, 17 *Mass. R.* 164.

*S. K. Livermore*, for A. Lovejoy, cited *Russell* vs. *Convers & Trustee*, 7 *N. H. Rep.* 343.

*D. Steele, Jr.*, for Senter.

PARKER, C. J. The money received by Senter, for the transportation of the mail from Keene to Peterborough, belonged to the partnership of Lovejoy & Holt. That firm caused so much of the contract to be performed, and paid the consideration for it, and it appears from the whole case that it was so regarded and treated by all the parties.

Prior to the service of the plaintiff's writ, they had transferred the bond of Crandall and others to Abiel Lovejoy, with authority to enforce the performance of the service; but this, of itself, transferred no interest in the compensation to be received. Crandall & Co. were not to pay the money, and had no control over its payment. They were only bound to perform the service.

The order upon Senter, executed at the same time, directing him to pay the money to Abiel Lovejoy, entitled the latter,

French *v.* Lovejoy.

as between the parties to it, to receive the money. The notice sets forth that it was made for value received ; but no consideration appears to have existed for this order, and no title can be set up to the money, in virtue of it, against the creditors of Lovejoy & Holt. It was a mere direction to Senter to pay over the money to Abiel Lovejoy.

The assignment by Frederick Lovejoy, as surviving partner, made on the 28th of December, 1839, in consideration of the indebtedness of the firm and of himself as surviving partner, authorizing A. Lovejoy to receive the money, and to appropriate it to the payment of those demands, being made before the service of the plaintiff's writ, was a valid assignment as against him to that extent. The property of the partnership might be lawfully appropriated to the payment of the partnership debts ; and F. Lovejoy, as surviving partner, had the right to prefer A. Lovejoy, a creditor of the firm, in that manner.

He does not appear to have made the assignment for the purpose of paying his private debt to A. Lovejoy, nor could he lawfully have done so, to the prejudice of the creditors of the firm, had he attempted it. 8 *N. H. Rep.* 250, *Morrison* vs. *Blodgett ; Lovejoy* vs. *Bowers,* ( 11 *N. H. Rep.* 404 ;) *Gow on Part.* 318, [293.] The assignment, therefore, cannot avail except to the extent of Abiel Lovejoy's claims against the partnership.

Nor can he retain for the benefit of other creditors of the partnership, who were not parties to the assignment, and to whom (notwithstanding he promised them to pay them any balance he might receive over and above his own claims) he is under no legal obligation. He had no authority to settle and discharge the debts of Lovejoy & Holt, due to others, nor does there appear to have been any consideration for any promise he may have made them.

As the claims of A. Lovejoy against the partnership do not appear to amount to the sums received by him, the plaintiff is entitled to the balance ; and the only remaining question

is, who ought to be charged as trustee, Senter or A. Lovejoy ? If the security of the plaintiff required it, perhaps Senter might be charged, as he received funds of the partnership after the service of the process, and paid over to A. Lovejoy more than the amount which he was entitled to receive and hold against the creditors of the firm. But if both trustees are solvent, it is immaterial to the plaintiff which is charged. He cannot charge them jointly. Senter paid over in pursuance of an order and assignment. And as the amount to which the plaintiff is entitled may depend upon the amount of A. Lovejoy's demands against the firm, and as he would be bound to indemnify Senter, it seems that he ought to be charged as trustee in this case, and Senter discharged.