# MERRIMACK.

## HOLDEN & a. v. BROWN AND TRUSTEE.

In a process of foreign attachment, a trustee who appears by his disclosure to
to have received funds of a debtor, shall not prove, by the affidavit of an in-
terested witness, a fact necessary to exonerate him.

FOREIGN ATTACHMENT. The trustee charges himself
with avails of property sold, and other things, and with in-
terest to January 1, 1848, to the amount, in all, of $399 35.
The defendant was, at the time of the service of the writ
upon the trustee, indebted to the trustee in a sum amount-
ing, with interest to January 1, 1848, to $153 71. Before
the service of the writ, he had paid to sundry creditors of
the principal defendant, at his request, $124 61, including
interest to January 1, 1848.

Prior to the commencement of the trustee suit, Merrill &
Rowell had left claims with the trustee for collection against
the defendant, but afterwards informed him that they had
been settled. At a time still subsequent, and, as the trustee
thinks, after the commencement of the trustee suit, he re-
ceived notice from Merrill & Rowell, that a note of $90 41,
which was among the claims left with him for collection,
and still remaining in his hands, had been overlooked and
omitted in the settlement between them and the defendant,
and that they should require the trustee to pay it from the
funds in his hands. The defendant gave notice to the trus-
tee to the same effect.

In a sequel to the disclosure, the trustee states that the writ was served on him on the 8th of March, 1847, and that he was advised by Merrill & Rowell, on the 9th of January previous, that the note had not been paid in the settlement, " as appears by the affidavit of John H. Rowell hereunto annexed," &c.; that soon after, the defendant directed him, in case said note had not been paid, to retain from the fund sufficient to pay it.

The affidavit of Rowell, one of the firm of Merrill & Rowell, was annexed to the disclosure, in which the affirmant states that he gave the notice to the trustee on the 9th of January, immediately on its being discovered that the *note of $90 41 had been overlooked in the settlement.*

*Cate*, for the plaintiff.

*Pike*, pro se.

Woods J.  The only question in the case concerns the balance in the trustee's hands, after deducting the sums of $153 71, due to himself, and $124 61, paid over to other creditors, at the request of the defendant, Brown, together with the legal charges upon the fund.  And as to this, it is clear that he is chargeable in the present action, in the absence of substantial and legal proof in his exoneration.

It is nothing to the purpose that the debtor has authorized or directed any disposition of the money, unless he did it before the rights of the plaintiffs attached.  Whether such was the fact, lies within the knowledge of parties other than the plaintiffs here, and to whom the law has furnished means of coming into court to assert their rights.  The burden does not therefore devolve upon the plaintiffs, to show that the writ was served before the fund had been disposed of in the manner surmised in the disclosure.

The trustee does not offer to discharge himself, by stating that the appropriation of the fund by Brown was anterior

to the service of the writ. He is unable to do so, for want of memory sufficiently distinct as to the time of the notice. The party who is solely interested in the question, has been advised of the proceedings here, and is equally unable to make proof of the fact, which might in the end entitle him to the fund. He, however, offers his affidavit, and the question is whether it is competent to be considered as evidence of the time when the notice was given. Not that the giving of the notice is of any consequence; but with the aid of the trustee's statement, it tends to fix the time when the money was actually appropriated to the debt of Merrill & Rowell. *French* v. *Lovejoy*, 12 N. H. Rep. 458.

It is plain that the witness Rowell has a direct interest in the result of this proceeding against the trustee, to the precise amount of his interest in Brown's indebtedness to the firm of Merrill & Rowell. Should the trustee be discharged, the money goes to Rowell and his partner, for the reason that it has been assigned to them in payment of their claim against Brown. He is therefore clearly an incompetent witness.

Had the claimants, Merrill & Rowell, appeared in court according to the provisions of the statute, (Rev. St. chap. 208, § 22,) they could, it would seem probable, have supported their claim to the fund in the trustee's hands by "competent" testimony, and by that of the debtor, if they had chosen to do so. It would amount to an evasion of the statute to permit them to attain the same end by an affidavit of one of their number.

The principles which must prevail on this point were settled in the case of *Giddings* v. *Coleman*, 12 N. H. Rep. 153. The assignee is not a competent witness. His affidavit is not admissible. He has furnished the trustee with no other evidence, as he might have done, had it existed. The trustee must, therefore, be charged to the extent before pointed out.

*Trustee charged.*