### IN THE

# SUPERIOR COURT OF JUDICATURE.

### FOR THE

## COUNTY OF GRAFTON, MAY TERM,

## A. D. 1830.

## JOHN S. WRIGHT *versus* JOHN FOORD and C. BENTON, his Trustee.

In the process of foreign attachment, if the trustee, in his answer, admits that money or goods of the principal came to his hands, he is to be charged, unless he clearly discharges himself.

But if the trustee denies that he ever had in his hands any money or goods of the principal, he is to be discharged, unless it clearly appears from what he discloses, that he had money or goods of the principal in his hands, notwithstanding his denial.

BENTON, the supposed trustee in this case, stated in his disclosure, in substance, that previous to the the 8th February, 1825, Ann Foord, the wife of the principal, John Foord, called upon the trustee and told him that she and her husband had mortgaged the farm, on which they lived and which they owned in her right, to P. Parkhurst, to secure a debt due from Foord, amounting to about $700, and afterwards conveyed the same farm to her brothers in England, to secure them for money

they had advanced to her ; that one of her brothers had sent to her, information that he was willing to send the money due to Parkhurst and discharge that mortgage, if he could be sure that the money would be applied for that purpose and not be under the control of Foord ; that her brother had informed her she might draw upon him for £130, provided it could be placed in the hands of a third person for the purpose of paying off said mortgage. She then requested the trustee to take her draft upon her brother and transmit it to him, and if the money should be received by the trustee, to apply it to the payment of the mortgage to Parkhurst, expressly declaring that neither herself nor her husband was to have any control of the money. She made a draft upon her brother for £130, which she delivered to the trustee on the 8th February, 1825. The draft was forwarded by the trustee to the brother, and the money, amounting to $577,20, received by the trustee, some time in the month of May, 1825. The process in this case was served upon the trustee on the 26th April, 1825.

The trustee further stated in his disclosure, that he did not consider himself at all accountable to Foord, or his wife, for the said sum received as aforesaid by him, but considered himself the agent of Mrs. Foord's brother, who paid the draft, to receive the money and apply it to the payment of the said mortgage to Parkhurst.

The trustee also stated, that the said John Foord, at the time of the service of the writ in this case, was, and ever since has been, indebted to the trustee in the sum of $231,89, but that in case he should not be adjudged the trustee of J. Foord, he considered himself bound to apply the avails of said draft to the purpose for which they were designed according to his agreement.

*Bell*, for the plaintiff.

*Selden*, for the defendant.

*By the court.* An attentive consideration of the answer of the trustee, in this case, has at length satisfied us that he is clearly entitled to be discharged.

This is not a case where the money of the principal is admitted to have come into the hands of the trustee. In such a case, the trustee is to be charged only when he clearly discharges himself. But here the question is, whether the money, which is in the hands of the trustee, is the money of the principal ? The trustee declares that he received the money as the agent of Mrs. Foord's brothers, and to discharge a mortgage upon their land, and that he did not consider himself accountable for it to the principal, or to his wife. And there is nothing disclosed in the answer, that has the slightest tendency to show that the principal had any claim to the money, except the circumstance, that the draft on which the money was received by the trustee was made by the wife of the principal. This circumstance, if not explained, might afford a reasonable ground to presume, that the money, when received, belonged to the husband. But such a presumption is completely rebutted in this case by the express declaration of the wife, made when she delivered the draft to the trustee, that the money was not to come to her or to her husband, but to be applied by the trustee to the discharge of the mortgage upon the land of her brothers. She, in effect, declared that she was acting in the business, as the agent of her brothers. On what ground then can the money in the hands of this trustee be adjudged to belong to the principal on this disclosure ? We see none, but are disposed to adopt the language of Mr. Justice Story, in 4 Mason, 459, and ask, "how is it possible to say that any goods, effects, or credits, are deposited with, or entrusted to, a party, by the debtor, when the party has no privity with him, asserts his interest to be under a third person, who holds an adverse interest and on his own account, and for other uses has deposited such goods, effects and credits with the supposed trustee ?"

*Trustee discharged.*