#### IN THE

# SUPERIOR COURT OF JUDICATURE

##### FOR THE

## COUNTY OF STRAFFORD, MARCH TERM,

### A. D. 1833.

---

## LEEDS et. a. *versus* SAYWARD, and JENNESS, *Trustee.*

The avails of goods, effects and credits, assigned for the benefit of creditors, may be attached, in the hands of the assignee, by the trustee process— and the plaintiff will be entitled to recover any surplus which may remain, over and above the amount of the debts of those creditors who had become parties to the assignment before the service of the process on the assignee.

IT appeared, in this case, from the disclosure of the trustee, that, on the 13th February, 1832, Sayward, the principal debtor, by a deed of assignment, conveyed to the trustee, all his stock in trade, in trust, to sell and dispose of the same within the term of three months, and out of the proceeds to pay—

Leeds et. a.
v.
Sayward.

1. The expenses attending the trust. 2. A certain sum of money due to the trustee, from the principal, and a note upon which he was surety for the principal. 3. After paying the debts aforesaid, to pay and satisfy to the creditors of the principal, who should become parties to the assignment, within sixty days from the date, the whole of their debts if the funds should be sufficient, otherwise an equal rate per cent. and, 4. To divide the overplus, if any, after the payment of the subscribing creditors, amongst the other creditors, whose names were contained in a schedule annexed, and in case of more than sufficient to pay them, to pay the surplus to the principal, his executors, administrators or assigns. And the trustee covenanted with the principal and with the subscribing creditors, that he would faithfully execute the trust.

The assignment was executed by the principal and trustee, and by certain of the creditors of the principal, before the service of the plaintiff's writ, which was on the 15th of the same February. After the service of the writ, and within the sixty days allowed by the assignment, John Leverett, another creditor of the principal, subscribed the assignment.

Prior to the disclosure, the trustee had converted the property into money, and after paying all those creditors who had executed the assignment, before the service of the plaintiff's writ, there remained in the hands of the trustee a further sum, not however exceeding the amount of the claim of said Leverett.

*J. S. Rowe*, for the plaintiff, moved for judgment against the trustee, for the sum so remaining, after paying the creditors, who had become parties to the assignment, before the service of the plaintiff's writ.

*G. Y. Sawyer*, for the trustee.

PARKER, J. delivered the opinion of the Court.

There is no suggestion, in this case, that there is any actual fraud upon creditors by this assignment. The

plaintiff admits the right of the trustee to retain the avails to the amount of the claims of those creditors who became parties to the deed prior to the service of his process, and the only question raised, is, whether he is entitled to the surplus, over and above the amount of those debts, or whether the trustee is bound to pay that surplus to Leverett, who assented and became a party to the transfer after the service of the plaintiff's writ, and within the time limited in the assignment.

It cannot admit of a doubt that this is a proper process by which to attach any surplus which would eventually belong to the debtor. 4 Mason's Rep. 223 ; and it would seem equally clear that all the avails may be holden, in which the creditors had not acquired an interest prior to the service of the process.

The question, therefore, is, whether Leverett had, by the deed, acquired any interest so that he is entitled to this money in preference to the plaintiff. It may be conceded that he is within the terms of the assignment, but at the time of the service of the plaintiff's writ, he had in no way assented to it, nor become a party to it in fact.

It has been suggested, by eminent authority, that an assignment, in such case, being for the benefit of the creditors, their assent to it may be presumed ; 4 Mason, 214 ; *Halsey* v. *Fairbanks* and *Trustee*. But after an attentive examination we are unable to discover any ground upon which we can make such a presumption against a creditor who pursues his remedy at law. 5 Mass. Rep. 153, *Widgery* v. *Haskell*. Creditors may not deem such assignment beneficial. It is for the payment of debts, but contains no assurance that the claims of any of the creditors are to be paid in full, except those in which the trustee was interested, and we cannot presume that the creditors would assent to this conveyance and take a chance of receiving a dividend out of the property instead of pursuing such other remedy, for the re-

Leeds et. a.
v.
Sayward.

covery of their debts, as they might think the law furnished them. If the names of the plaintiffs were contained in the schedule, so that they were within the terms of the assignment, this very suit shows that we cannot, in point of fact, make any such presumption.

Again, by the instrument itself " the creditors who should become parties to the assignment within sixty days from the date" were to be preferred to those who were not " subscribing creditors" and the covenant of the trustee is with the subscribing creditors. This shows that none were to be considered parties until they became technically so by executing the instrument. They were not then parties to the deed by the mere fact of its execution by the principal and trustee, for if they were, all must have been entitled alike, whether they subscribed or not.

Nor do we discover any reason why we should attempt to raise such a presumption, in favor of one creditor, to the prejudice of another, having a *bona fide* debt, and more vigilant in the assertion of his rights. This is not a case which requires us to apply the doctrine of relation so as to make a subscribing creditor a party, *ab initio*, by his subsequent assent, as this would be to the prejudice of another creditor equally meritorious. 3 Co. 30 ; 3 Black. Com. 43 ; 1 Johns. Ch. Rep. 297.

At the time of the service of this process, it did not appear that any other creditor than those who had already executed it, would become a party to the assignment, or consent so to be considered. The principal debtor, then, was at that time, to the extent of the surplus over and above the amount of the claims of the creditors who had subscribed, the party in interest, and this interest was equally liable to be attached, by this process, as any overplus, which might, in any court, belong to him. 13 Mass. Rep. 146, *Ingraham* v. *Geyer* ; 6 Pick. 358, *Ward* v. *Lamson* and *Trustees* ; 9 Pick. 13, *Viall* v. *Bliss* and *Trustee.*

We are of opinion, therefore, that the assignee must, <span style="float:right">Leeds et. a.<br>v.<br>Sayward.</span> in this case, be adjudged trustee for the funds in his hands, beyond the amount of the claims of those creditors who had become parties, prior to the service of the plaintiff's writ. What was the proper disposition of the other part of the trust fund, is a question with which the plaintiff has no concern, and, upon which, therefore, it is not necessary to form an opinion.

*Trustee charged.*