# SULLIVAN,

## JULY TERM, A. D., 1839.

## HURD & a. *vs.* SILSBY & Trustees.

Under the statute of July 5, 1834, (which enacts that no assignment for the ben-
efit of creditors shall be valid, except it shall provide for an equal distribution
of all the assignor's estate, among his creditors, in equal proportions, accord-
ing to their respective demands,) a deed of assignment, to be executed by the
creditors, and containing a clause by which they are to accept their several
proportions in full discharge of their claims, is invalid as against a creditor
who institutes a process of foreign attachment against the assignee.

FOREIGN ATTACHMENT. It appeared, from the disclosure of
the trustees, that on the 29th September, 1838, Silsby as-
signed, by indenture, all his lands and tenements, goods and
chattels, &c., except such as were exempted from attachment
and execution by the statute of January 3, 1829.

The indenture purported to be an instrument between the
assignor of the first part ; the assignees of the second ; " and
the creditors of said Silsby who have executed these presents,
of the third part."

It provided that the assignees should sell and convert all
the property into money, and, after deducting costs and charg-
es, should apply the proceeds collected to pay the several
creditors of Silsby, according to their respective claims.

The assignees covenanted that they would render to the
" creditors who have executed these presents a true account,"
&c.

And the instrument contained this clause—" It being the
meaning of the parties to this instrument, that the creditors
shall accept their several proportions, in full discharge forever
of their claims."

The assignor made oath that he had placed and assigned all

his property, &c., to be divided among his creditors in proportion to their respective demands.

After the execution of the instrument the plaintiffs signified their assent verbally.

Two other creditors executed the instrument on the day of its date; other creditors also assented verbally; but several creditors caused the assignees to be summoned as trustees, and among others the plaintiffs.

*Gilchrist,* for the plaintiffs.

*Hubbard,* for the trustees.

PARKER, C. J.    Prior to the statute of July 5, 1834, for the equal distribution of property assigned for the benefit of creditors, this assignment would have been valid to the extent of the claims of the trustees, if any, and of the creditors who had become parties to it prior to the service of the plaintiffs' writ.    By the provisions of that act, no assignment made for the benefit of creditors shall be valid, except the same shall provide for an equal distribution of all real, mixed or personal estate, among the several creditors of the person making such assignment, in equal proportion, according to their respective demands; nor until the assignor has made oath that he has placed and assigned, and that the true intention of his assignment was to place in the hands of his assignee, all his property of every description, except such as is exempted from attachment and execution by an act for the relief of poor debtors, passed January 3, 1829, to be divided among his creditors in proportion to their respective demands.

The oath required by the statute has been taken in this case, and the question is, whether this is an assignment in favor of all the creditors, and so conformable to the provisions of the act.

It is stated in the introduction to be an indenture between the debtor, the trustees, and the creditors who have executed

it.   The trust is declared to be, to pay the several creditors of Silsby, in equal proportion, according to their respective claims.    This last clause would seem to have been intended to be in conformity with the statute.    But another clause follows, which gives a different character to the assignment, viz. :  " It being the meaning of the parties to this instrument that the creditors shall accept their several proportions, in full discharge of their respective claims."    The indenture then, in truth, conveys the property in trust to be distributed among the creditors who will execute the instrument, and thus signify their willingness to receive the dividend in full discharge of their claims.    It is apparent that this is not such an assignment as is permitted by the statute.

In *Jefts* vs. *Spaulding & Trustee, Hillsborough, Dec. term,* 1837, the assignment provided that the creditors should become parties in sixty days, and it was held bad under the statute.    In that case, as in this, the assignment did not in fact provide for distribution among all the creditors.    There the condition on which they were to receive a dividend was, that they should become parties in sixty days ;  and some of the creditors might not gain information that such assignment had been executed by the assignor, within that time, and thus be excluded.

In the present case, the distribution is to made among those who will become parties, and release their demands.    It certainly does not appear that all will be willing to do this ;  and if they are not—if they do not execute the instrument—no provision is made for a distribution to them.    An assignment, under the statute, should have no conditions annexed to it. It need not even provide that the creditors should become parties by executing it.   If no conditions are annexed, the assignment being for the benefit of all the creditors, the assent of all may be presumed, until the contrary appears.    4 *Mason's R.* 207, *Halsey* vs. *Fairbanks, & Whitney, Trustee.* But such assent cannot be presumed where a condition is affixed.  4 *Mason* 207 ;  6 *N. H. Rep.* 85, *Leeds* vs. *Sayward.*

Where there is no condition, the assent of the creditors being presumed until the contrary appears, the property is well held in trust for the benefit of all the creditors, until dissent is in some way manifested. It is competent, of course, for any one to dissent, but this will not destroy the assignment. If he causes the trustees to be summoned, in such case, he can only take such surplus as may remain after paying those who do not dissent. Where an assignment is made for the benefit of all the creditors, they must be allowed a reasonable time in which to bring in their claims, before final distribution ; and it is not necessary that the assignment itself should contain any provision upon that subject. That the plaintiffs assented to the assignment in this case cannot make any difference. Being void under the act, they could take nothing by it, other creditors having commenced suits, unless there was a surplus.

*Trustees charged.*