## GIDDINGS *vs.* COLEMAN & Trustee.

Where a trustee, in his disclosure, admits himself to be indebted to the principal debtor on account, he must be charged, unless he shows himself clearly discharged, upon evidence of as high a nature as that furnished by the disclosure of the trustee of facts known to himself.

Accordingly, where, in the disclosure, the indebtedness of the trustee to the principal debtor on account, was admitted, and it was also stated in the disclosure that the agent of certain persons, claiming to be the assignees of the principal debtor, had informed the trustee of the fact of the assignment of a portion of said account to them, and had presented to him instruments of assignment, in writing, purporting to be executed by the principal debtor, to said assignees; but it appeared that the trustee had no other knowledge of the fact of the assignment than what was derived from the statement of the agent, and the exhibition of the instruments of assignment; it was *held*, that the trustee was, nevertheless, chargeable, inasmuch as the evidence furnished by the disclosure, to show the fact of the validity of the assignment, was mere hearsay evidence, and, therefore, not competent for that purpose.

It is the duty of the assignees of choses in action, who would protect their interest in the claims assigned, in case the debtor is sued as the trustee of the assignor, and is not possessed of the requisite knowledge of the facts essential to his discharge, upon proper notice, to furnish to the trustee competent evidence of the assignment of the claims; otherwise the trustee will be charged, and the claim of the assignees will be regarded as waived or abandoned.

The affidavits of disinterested persons, appended to, and made parcel of the disclosure of a trustee, stating facts within the knowledge of those making the affidavits, furnish competent evidence to be considered by the court, in connection with the disclosure, upon the question of the liability of the trustee.

Foreign attachment. The trustee disclosed that he was indebted to Coleman, the principal debtor, on account, in the sum of $50.69, on the 7th day of July, 1840. He further stated in his disclosure, that Coleman had two day-books, on which the items were charged constituting said account, a portion of them being entered upon one of said books, and a portion upon the other; and that he also had a ledger, upon which a portion of said account was posted, but that another portion of it, to wit, the sum of $23.71, being the entire sum which was entered upon one of said day-books, was not posted upon the ledger at the time of the execution of the assignments hereinafter mentioned, to wit, July 7th, 1840.

From the disclosure it appeared, also, that on the 2d day of August, 1840, the agent of William Jones and son presented to the trustee what purported to be two assignments; the one written upon the ledger and the other upon one of the day-books, and each bearing date July 7, 1840, and purporting to have been executed by Coleman to said Jones and

son, for the consideration of $1000, as stated in each assign-ment, and to assign and transfer the accounts, "mentioned and stated" in said two last named books, as well as the books themselves, to Jones and son. It further appeared, that, although the assignments were absolute upon the face of them, yet in point of fact they were made, as the trustee was in-formed, for the purpose of securing a debt due from Coleman to Jones and son.

The trustee was not possessed of any knowledge concern-ing the assignments, excepting what was derived from state-ments made to him, and from the exhibition made to him of what purported to be instruments of assignment; nor did he know the fact of the existence of any debt due from Cole-man to Jones and son, excepting by information derived from the mere fact of the statement of the agent of Jones and son.

The trustee was first informed of said assignment on the same day of the service of the writ in this case, but prior to the service, by one who does not appear to have been the agent of the assignees.

No written evidence, however, was exhibited to him, of the fact of the assignments prior to the service of the writ.

*Stickney*, for the plaintiff.

*Sullivan, Bell, & Tuck*, for the trustee.

Woods, J.   Upon the state of facts disclosed by him, the trustee is most clearly chargeable for the sum of $23.71, which, not constituting any part of the accounts purporting to have been assigned to Jones and son, was, nevertheless, a sum fairly due from the trustee to Coleman, at the time of the service of the writ in this action.

In no point of view can the supposed assignment be re-garded as embracing and transferring the aforesaid sum of $23.71.   The items of account, which, in the aggregate, made up that sum, were not entered upon either of the books,

which, together with their contents, purported to have been assigned to Jones and son ; and the assignments upon the day book and ledger were of " the within day-book," and of " the within ledger, and the accounts within stated and mentioned," and were in terms limited to those accounts thus " stated and mentioned," and clearly did not transfer the other items of account then existing in favor of Coleman against the trustee, but which were neither " stated " nor " mentioned " in the day-book or the ledger, upon which the assignments were written.

And the trustee is also chargeable, in the opinion of the court, for the other portions of the account of Coleman against him, and which purported to have been assigned to Jones and son.   The trustee was indebted to Coleman, according to the charges contained in all his books of account, in the entire sum of $50.60 ; the accuracy and correctness of which are admitted by the trustee ; and he must be charged for that sum, unless the disclosure clearly and satisfactorily shows a valid assignment of some portion of the account before the service of the writ in this action.   This is a case in which it is admitted by the trustee that the credits of the principal debtor have come to his possession ; and in such case the trustee is to be charged to the extent of such credits, unless by his disclosure, or upon other sufficient evidence, he clearly discharges himself.   *Wright* vs. *Foord*, 5 *N. H. Rep.* 178.

And, in the opinion of the court, a trustee, under such circumstances, is to be charged, unless he discharges himself by a statement of facts known to himself, or by testimony derived from other sources of as high a character as that which is furnished by the affidavit of the trustee himself of facts of which he has personal knowledge.   This is a controversy, in effect, between a creditor of Coleman, seeking to recover a just debt by process of law, and one claiming to be a creditor and a *bona fide* assignee of the debt, which is the subject of this controversy.   In order, therefore, to maintain his claim against that of the plaintiffs, the assignee was bound

not only to prove his claim to have been first in time, but, also, to have been well founded in legal right. It should have been shown that the assignments were not merely formal, but *bona fide,* and upon sufficient consideration.

It did not, however, appear by the disclosure, or upon any evidence of the character required, that Coleman was indebted in any manner to Jones and son, and consequently *it* did not appear that the assignments were made upon a sufficient consideration, or in fact upon any consideration whatever. The only evidence furnished by the disclosure was, that the trustee was informed by the agent of Jones and son that the assignments had been made to secure a debt due from Coleman to Jones and son, and that the instruments of assignment were exhibited to him. It did not appear even that the agent himself had any knowledge of the actual existence or of the *bona fide* character of the alleged indebtedness of Coleman to Jones and son. The truth of the fact of any such indebtedness was not evidenced by the disclosure of the trustee, nor by the affidavit of any one else claiming any knowledge of such fact. The fact of the assignments, being the fact upon which the discharge of the trustee was claimed, and upon which the assignees relied to protect the interest claimed to have been assigned to them, their *bona fide* character, as well as the soundness of the consideration upon which they were claimed to rest, should have been evidenced by proofs of as high a nature, and of legal force as great as is furnished by the disclosure of a trustee, in relation to facts of which he assumes to have personal knowledge. That character of proof, however, was not furnished in this case. Indeed, nothing having the character of evidence at all is furnished, of the facts essential to be made out, in order to establish the validity of the assignments. It was, at most, mere hearsay evidence, depending for its truth upon the veracity of the declarant in relation to specific facts, which in their nature are susceptible of being proved by witnesses who can speak from their own knowledge ; and such evidence is uniformly held incompetent. *Greenl. Ev.* 112.

If the assignees of claims like those under consideration, would protect the interest claimed by them, it is their duty, on proper notice, to furnish the requisite evidence to the trustee, to sustain the claim ; otherwise the trustee, not possessing the requisite knowledge of the facts essential to his discharge, will be charged, and the claim of the assignees will be regarded as waived, or abandoned.

The affidavits of persons knowing the facts testified to by them, and having no interest to misrepresent, appended by the trustee to his disclosure, and made parcel of it, seem to us proper to be considered as furnishing evidence of the facts contained in them, of as high a character as is furnished by the disclosure of the trustee of the facts which the trustee assumes to know, and, therefore, proper to be considered by the court as such, in determining the question of the liability of the trustee. A proper disclosure is but the affidavit of the trustee, who ordinarily has no interest to misrepresent. No such evidence, however, was furnished in this case, of the facts alleged to exist, which, if proved, would have discharged the trustee.

This view of the case brings us to the result, that the trustee is chargeable for the whole amount in which he stood indebted to Coleman on account, as stated in the disclosure.

The question raised at the argument by the counsel for the plaintiff, as to the validity of the assignments, upon the ground of alleged legal fraud, becomes immaterial upon the view taken of the other questions raised upon the case. And if it were otherwise, it could not prevail, for the reasons contained in the opinion of the court, delivered by the Chief Justice, in the case of *Boardman* vs. *Cushing*, at this term, *ante* 105.