## Langley *vs.* Berry and Trustee.

In order that an assignment of a chose in action shall be valid as against the creditors of the assignor, it must be *bonâ fide*, and upon adequate consideration. A mere formal transfer is insufficient for that purpose.

Where a trustee disclosed that he was indebted to the principal debtor in the sum of $30,00, but that the principal debtor claimed that there was due him from the trustee about $40,00, and, about eight or ten days prior to the service of the writ, the principal debtor wrote a paper for the trustee to sign, of the following tenor, viz. : " For value received I promise to pay to S. B., or order, all that there may be found due to S. F. B., upon a settlement for labor and lumber, worked and unworked, on the inside of my house;" which paper was signed by the trustee, and delivered to said S. B.; and the said account remained unsettled at the date of the service of the trustee process, and of the disclosure, it was—*Held*, that said instrument was in the nature of an assignment of the debt, and that, from the foregoing facts, it did not appear to have been made *bonâ fide*, and upon adequate consideration, and was therefore invalid, and that the trustee was chargeable for said sum of $30,00.

FOREIGN ATTACHMENT. The trustee, in answer to the general interrogatory, disclosed, that at the time of the service of the plaintiff's writ there was an unsettled account between the said Stephen F. Berry and himself, which account still remained unsettled at the time of the disclosure ; —that he should think there was and still remained due to the said Stephen F. Berry, from him, the sum of thirty dollars;—that the said Stephen F. Berry claimed as due from him the sum of about forty dollars. He further stated that about eight or ten days before the service of the plaintiff's writ upon him, Stephen F. Berry wrote a paper for him to sign, in the words following, as the paper was read to him,

viz. : " For value received, I promise to pay Samuel Berry, or order, all that there may be found due to Stephen F. Berry, after settlement for labor and lumber, worked and unworked, on the inside of my house ;" which paper he signed, and the same was delivered to Samuel Berry ;—that he cannot read writing, but distinctly recollected the paper which was read to him.

After he signed this paper to Samuel Berry, and before the service of the plaintiff's writ, he endeavored to get a settlement with Stephen F. Berry, but was unable.   He offered to refer the matter to three men, and to give Stephen F. Berry three dollars more than said three men should award.   Stephen F. Berry refused to accede to this proposition, and said, if it was left to men, it should be to twelve. The business between Stephen F. Berry and himself remained in this unsettled state when the plaintiff's writ was served upon him, and remained so still at the date of the disclosure. The question of the liability of the trustee was transferred to this court.

*Elkins*, for the plaintiff.

*Hale*, for the trustee.

Woods, J.   Upon the facts disclosed by the trustee, he is clearly chargeable for the sum of $30,00, being the amount of his indebtedness to the principal defendant at the date of this action, as admitted by the trustee.

The fact relied upon for his discharge cannot avail.   The mere promise alone of the trustee to pay to Samuel Berry such sum as should be found due from him to Stephen F. Berry, cannot constitute a sufficient ground of discharge.   In order to that result, it is necessary that it should appear that the promise was made upon an adequate consideration.   The payee is to be regarded merely as an assignee of a chose in action.   The obvious intent and effect of the instrument in

question was, to transfer and assign to Samuel Berry the sum of said indebtedness of the trustee to Stephen F. Berry ; at least, his case is not to be regarded as standing on higher ground, or as giving greater rights to Samuel Berry, than would an assignment of the debt in the usual form. And in such case it is well settled, that, in order to entitle the assignee to the claim assigned as against the creditors of the principal debtor, it must be made to appear that the assignment is not merely good in form, but *bona fide,* and upon adequate consideration. (*Giddings* vs. *Coleman and Trustee,* 12 *N. H. Rep.* 153.) And neither of those facts appears in the present case. It is true, that the promise purports to rest upon a valuable consideration, but that is not sufficient. It must be shown *aliunde* that it is so in point of fact.

*Judgment for the plaintiff.*