HASSELL *v.* HOIT.

A promissory note, expressing a consideration other than money, is evidence in an action for money had and received.

ASSUMPSIT. The first count was for money had and received. The second count alleged that on the 29th day of May, 1844, the defendant, by his note or memorandum in writing of that date, of the following tenor and effect, to wit: " Merrimack, May 29, 1844. This day received of Luther K. Hassell one sorrel mare, for which I promise to pay him, or his order, seventy-five dollars, on demand, with interest. Said mare is to be considered the property of said Hassell, as security on this note until paid for, and to be kept in my possession for my use and benefit. Isaiah Hoyt"—promised the plaintiff to pay him, or order, seventy-five dollars, on demand, with interest.

Plea, the general issue.

The paper declared on was proved. One James McKean testified that the plaintiff came to the defendant's house on the 12th of July, 1844, and told the defendant that he did not consider the security good, and wanted better, or the money for the note. Hoit told the plaintiff that the security was good enough, and that he should

give him no other, and the plaintiff went away. On the 15th day of July he saw a deputy-sheriff and the plaintiff taking the mare away.

No further evidence was offered in support of the action, and the defendant contended that it was not sufficient to sustain the action, as it showed no demand; also, that a demand should have been alleged in the writ, which was not. A verdict was thereupon taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Parker*, for the plaintiff.

*D. Clark*, for the defendant.

Woods, J. The question in this case is, whether an action for money had and received may be maintained upon the evidence. The plaintiff has exhibited an instrument by which the defendant, for a certain consideration, past and executed, and particularly expressed in the instrument, promised to pay to the plaintiff, or order, the sum of seventy-five dollars, on demand, with interest. The paper contains, in addition to that contract, a certain agreement concerning a mare which the plaintiff had delivered to the defendant; the delivery of which, for certain purposes therein declared, formed the consideration of the note.

If the agreement last referred to be stricken from the paper—as it might be without in the least affecting the terms or meaning of the remainder of its contents—there would remain a negotiable promissory note, not differing in any respect from such papers in their ordinary form, except that, instead of a general acknowledgment of the reception of value, as the consideration of the promise, the valuable thing received is particularly described.

This peculiarity in the form of the instrument does not

destroy its character, or in any way detract from its qualities as a negotiable promissory note. This kind of commercial paper is recognized by the general law of the commercial world, and derives credit and currency from its negotiable form. The expression of the consideration upon which it first arose between the original parties to it is not a material part of the instrument. It may be in the ordinary form, " for value received;" or the consideration may be wholly omitted, according to the better opinions; or it may be inserted with the particularity with which it is inserted here. According to Mr. Justice *Story*, the laws of France and of some other states of Europe require that the note should specify whether the consideration is money or merchandize. Story Prom. Notes, sec. 52. Yet it is not ·intimated that these securities are excluded from the general commerce of the world by reason of this peculiarity.

That assumpsit for money had and received may be maintained to recover money due upon a promissory note in the ordinary form, is not open to doubt in this State; *Wilson* v. *George*, 10 N. H. Rep. 445; in which the principle is asserted, and the authorties are referred to, and in which the converse proposition is maintained, that upon contracts to pay other things than money this form of action does not lie. Is the peculiarity of the promissory note under consideration such as to make it an exception to the ordinary rule, and to prevent its being received as evidence to sustain such a count?

The reason upon which the general rule is founded, which admits such paper as evidence to sustain a declaration for money had and received, is stated by some authorities to be, that the note furnishes evidence of a pecuniary consideration. *Hughes* v. *Wheeler*, 8 Cowen's Rep. 77; *Saxton* v. *Johnson*, 10 Johns. Rep. 420.

If such were the true principle, it is apparent that the action could not be maintained upon the evidence afford-

ed by the note in question, since that denies upon its face the existence and perception of such a consideration; and it is believed that a sounder reason is assigned in other cases. This is, that it appears upon the face of the note that a sum of money is due from the maker to the payee, or to the indorsee, which can with propriety be regarded as so much money resting in the hands of such maker for the use of the payee, or of the indorsee, if the note have been transferred; that it does not depend upon the nature and character of the consideration, but upon the fact that the promise is to pay money. *Payson* v. *Whitcomb*, 15 Pick. Rep. 216; *Young* v. *Adams*, 6 Mass. Rep. 189; *Pierce* v. *Crafts*, 12 Johns. Rep. 90; *Smith* v. *VanLoan*, 16 Wend. Rep. 660. In some of these cases the consideration on which the note was given appeared from evidence entirely *dehors* the note itself. In *Payson* v. *Whitcomb* the note itself indicated a consideration by reference to other notes; and the court, without distinguishing it from other cases, remark, in general and unqualified terms, that "it is immaterial what is the consideration of the note, if it is a valid security for a debt due, payable in money." The same thing, in substance, is said in *Child* v. *Moore*, 6 N. H. Rep. 33.

We therefore conclude that this action is well founded upon a promissory note expressing upon its face a consideration other than money, and that there must be

*Judgment on the verdict.*