## Robbins *v.* Rice & a., and Trustee.

The provisions of the Revised Statutes, chap. 208, sec. 9, exempting from the process of foreign attachment debts due for the labor of the defendant, performed fifteen days before the service of the process, and afterward, does not extend to those cases in which other things have been procured by the laborer, upon his own responsibility, and been blended with his labor in accomplishing a work undertaken by himself.

Foreign Attachment. To the first interrogatory propounded to the trustee, he answered that on the 19th

day of January, 1847, he contracted with Jonathan Rice, one of the aforesaid defendants, to cut, draw out, saw and pile up a quantity of timber standing, which was upon a certain lot, into railroad sills or sleepers, for which, when completed as above, he was to pay him five dollars and fifty cents per hundred sills, or sleepers. Some time after he made the contract with him, he was on said lot, and did not find any one there, but he found that some of the timber had been cut and drawn out into a cleared lot, and some of them hewed, viz. : about one hundred sills, which were sawed and piled up. February 13, 1847, he was there, and found the timber mostly hewed, but not sawed or piled up any more than when he was present the other time. He was not there again until after the service of this writ upon him, which service was February 24, 1847, he thinks. Some few days, say about one week after the service as aforesaid, he was upon the lot, and noticed some sleepers had been recently manufactured and piled up. The work was then finished, and he counted four hundred and forty-eight sills or sleepers, which he supposed would pass inspection ; and unless, as we have stated, he had no money, goods, chattels, rights or credits of the defendants, or either of them, in his hands at the time of the service of said writ, or since said service.

In answer to further interrogatories, he stated that on the 13th day of February he was upon the lot, and saw Jonathan Rice and son at work ; that this was the only time he had seen them at work, or any one else, upon the contract. It would be necessary to use a team in drawing the timber together. He further said that he considered about three fourths of the work done upon the sleepers where they are cut down, drawn out and hewed, and that he supposed, from his conversation, that the before named son of Jonathan Rice was one of the defendants in this action.

The questions arising upon the foregoing disclosure were reserved and assigned to this court for decision.

*Wheeler*, for the plaintiff.

*Webster*, for the trustee.

WOODS, J. It is apparent, from the disclosure, that the trustee has effects in his hands belonging to the defendant, being indebted to him in a sum which he names, for services performed under a contract.

The statute, however, protects from this process money that may be due on account of any labor performed by the debtor, or any of his family, after the service of the process, or within fifteen days before; and it is said that the service performed by the debtor in the present case was of that nature, and that the trustee cannot, for that reason, be holden. Rev. Stat., chap. 208, sec. 9.

If such be the nature of the service performed, the trustee cannot be charged; otherwise, there being an indebtedness confessed, he will be charged to the extent of it; and he must, in his own exoneration, be able to show that the exemption adverted to exists, and to what extent it exists. *Wright* v. *Ford*, 5 N. H. Rep. 178; *Giddings* v. *Coleman*, 12 N. H. Rep. 156.

It does not appear that any part of the trustee's indebtedness is for the labor of any of the debtor's family; for though it appears that his son assisted, he was not employed by the trustee, and indeed was not, so far as appears, a part of his father's family within the fair meaning of the statute.

The personal labor of the debtor was mingled and blended with other elements in the performance of the work which he had undertaken. The hired labor of a servant (for such his son must be presumed to have been) and a team were made use of by him, and it is not shown in what proportions these entered into, and, with the debtor's personal labor, accomplished the work for which the trustee stands indebted. No means are furnished by

Robbins *v.* Rice.

which it is possible to extricate the privileged labor from the other ingredients composing the cause of indebtedness, and to ascertain its value. It may be the principal thing, or it may be merely nominal.

· This view of the subject confirms the first and most obvious apprehension that arises upon reading the statute ; which is that the statute was designed to protect the personal labor of the debtor, and those constituting his family, and under his protection and control, in those cases only in which they appear so unmixed with other things as to be capable of being distinguished therefrom, and their value ascertained, as a ground of indebtedness ; and not where they are undistinguishably combined with materials found, or with labor of other persons procured upon the responsibility of the debtor, and for the purpose of carrying into execution a work that he has undertaken to do.

Although there may be cases of the latter description that fall within the reason and policy of the law designed for the protection of a class of persons supposed to depend mainly upon their personal labor for support, it is plain that other cases may exist which do not fall within that policy. The line, we think, is pointed out with sufficient practical distinctness by the statute.

*Trustee charged for the sum due.*