# REPORTS.

## ROCKINGHAM,

### JULY TERM, A. D. 1852.

25  9
72  66
72  67

### SPINNEY *v.* THE PORTSMOUTH HOSIERY COMPANY, AND EMERY, TRUSTEE.

The assent of creditors will not be presumed to an assignment for the payment of debts, if the assignment contains any stipulation prejudicial to the creditors, or if the assignee resides out of the State.

Such assignment will not be valid against a creditor who sues by a trustee process, beyond the amount of the claims of the creditors who assented before the service of the process.

THE trustee disclosed that said Portsmouth Hosiery Company, on &c., made an assignment of all their property to said Emery and J. Nesmith, of Lowell, and W. Hastings, of Charlestown, in Massachusetts, in trust to convert the same into money, and then to distribute and pay the net proceeds thereof among and to all the creditors of the corporation, in equal proportion to their respective claims, without preference, and the surplus, if any, to the corporation or its assigns—and constituted the trustees attorneys of the corporation, irrevocable and with full powers.

The trustees accept the trust, and agree to execute said trusts faithfully, provided the trustees shall not be liable or accountable for more money or effects than they shall receive, nor for any loss or damage that shall happen thereto,

2

except the same shall arise by or through their own wilful default; nor shall any trustee be liable or responsible for the neglect or default or misconduct of any other trustee.

This assignment is executed under the seal of the company, by its treasurer duly authorized, and under the hands and seals of the trustees, in presence of two witnesses, is acknowledged, and has upon it a certificate that the treasurer had made oath before a justice " that the company by that instrument placed and assigned, and the true intention thereof was to place in the hands of the assignees all the property of said corporation of every description, to be divided among all the creditors of said corporation, in proportion to their respective claims."

Upon this assignment is the following writing: " We, the undersigned, creditors of said corporation, acknowledge notice of the foregoing assignment, accept and assent to the provisions thereof," under same date of the assignment. To this are signed the names of five firms with seals.

The assignees took possession of all the real and personal property of the company, and before the service of this process upon this trustee, a large part of the property had been sold, and $3,000, part of the proceeds of the sales, came to the possession of the said trustee, and is now in his hands.

The trustee being asked to state the amount of the assets of the corporation, so far as the same have been ascertained, and the amount of the debts due by it at the time of the assignment, says Mr. Hastings, one of the assignees, has had the charge of disposing of the property, paying such claims as the assignees became liable for in winding up the business, and as the assignees have had no settlement, and said Emery no conference with said Hastings upon the subject matter of the interrogatory, he is unable to answer.

He says none of the creditors of the corporation have been settled with to his knowledge, by himself or said assignees. B. F. Brooks, an attorney at Boston, as the agent of some person not known to him, has paid to a

large portion of the creditors of the company sixty per cent. of their several claims, and taken an assignment thereof to himself. He is not informed how many of the creditors have been thus settled with.

The questions arising upon this disclosure were transferred to this court for determination.

*Hatch*, for the plaintiff.

The assignment made by the principal defendants is void, because of the proviso relating to the liability of the trustees. Three cases are stated in which the assignees are not to be liable. Each of these are repugnant to the intent of the statute as to assignments. Such assignments can have no condition. If the assignment is unconditional, the assent of all the creditors may be presumed, but not if it is conditional. *Hurd* v. *Silsby*, 10 N. H. Rep. 108. Here there is a condition disadvantageous to creditors. In *Hurd* v. *Silsby*, the provision was that the creditors should accept their dividends in full discharge of their claims; and in *Jefts* v. *Spaulding*, 10 N. H. Rep. 110, the creditors were required to become parties in sixty days; and both these assignments were held bad by reason of these provisions. The same principle is recognized in *Rundlett* v. *Dole & Trustee*, 10 N. H. Rep. 458. If the assignees are by the terms of this assignment relieved from any liability imposed upon them by law, it must avoid the assignment. By the law they would be responsible for neglect and delay in collecting debts. Lewin on Trusts, 295, 6. Here the assignees may lose the property by neglect or by refusal to receive it. Their responsibility should commence when they assume the trust. Here they may defer it till the property is wasted. By the law they would be bound to exercise the same care, in relation to the property assigned to them, as a prudent man would take of his own affairs. Willis on Trustees, 195; 2 Story Eq. Jur. § 1268. Trustees are bound to do all acts which are useful and

proper for the due execution of the trust. Trustees are answerable for negligence, and for more than their wilful defaults, (Will. Trus. 173,) for mistakes and omissions, by which the property is injured or diminished. By this assignment they are without responsibility in all such cases.

By law, the powers of the trustees are joint and equal; one of them alone cannot act; they must join, (Will. Trus. 136,) and the co-trustees are liable for each other. *Oliver v. Ford*, 8 Price, 127, cited Will. Trus. 137. This assignment avoids this responsibility. The whole property may be left in the hands of persons out of the State. Here, two of the three assignees reside in Massachusetts. This puts it out of the power of the courts, any where, to enforce the discharge of their duties. This difficulty actually occurs in this case. Emery can make no satisfactory disclosure, because Hastings has the property. He says he cannot tell; there has been no settlement between the trustees, though a year has elapsed since the assignment. Hastings and Nesmith are only compellable to answer in Massachusetts. They may not be held there as they would be here. They, perhaps, can give no definite account of the trust estate, because a part of it is in the hands of Mr. Emery, in New Hampshire. A debtor here has no right to assign his property to any person living out of the jurisdiction of our courts. If I, as a creditor of a debtor here, may be compelled to go to Massachusetts to compel the assignees to discharge their trust, so I may to France. Such an assignment is *prima facie* evidence of fraud; of a design to delay creditors, by putting the property out of the reach of legal process, and beyond the control of our tribunals.

*Emery, pro se.*

In construing the provisions limiting the liability of the assignees, the whole clause should be taken together. The plaintiff makes three points.

I. If we look at the first clause alone, the assignment is

good. It is not repugnant to the statute relative to assignments for the payment of debts. That statute contains two provisions only; first, an equal distribution of all the property of the assignor among all his creditors, and second, the oath of the assignor that the assignment provides for such distribution. This clause does not conflict with the statute, and as no fraud is suggested, its introduction cannot avoid the assignment. The statute was designed to prevent preferences among the creditors. In other respects the statute designed to leave these assignments as they stood at common law. This provision does not affect materially the liability of the trustees, nor limit their duties. 2 Story Eq. Jur. § 1269. The trustees are bound to keep the property as their own, (§ 1272,) and to act with good faith, which is all the law requires.

II. The provision that the trustees shall be responsible for losses to the property arising from their wilful default, is a reasonable one. The assignees are still bound to the exercise of reasonable diligence and care in collecting and preserving the property from loss. The case of *Rundlett* v. *Dole*, 10 N. H. Rep. 458, cited by the plaintiff, shows that a provision in an assignment which is not unreasonable, will not avoid the assignment. The other cases, cited from 10 N. H. Rep. 108, 110, have no application here, because those assignments were in direct conflict with the policy of the law requiring an equal distribution among all the creditors.

III. The last clause does not change the legal liability of the assignees. 2 Story Eq. Jur. 1280. Trustees are only responsible for their own acts, unless they have become bound for each other. Each is liable only for what comes to his own hands, (Ib. 1281,) a doctrine never questioned. The citations from Will. on Trust and Lewin on Trust, do not apply.

IV. It is contended the assignment is invalid because two of the trustees reside out of the State. Before the pas-

sage of the statute on this subject, it would not be con-
tended that an assignment would be invalid for this cause,
and the statute makes no difference in this respect, and
there is no reason why it should.   The only object of it
was to secure the equal distribution of all the property to
all the creditors, and the oath of the debtor to prevent con-
cealments and preferences.   The assignees must take pos-
session of the property, without which the assignment would
be invalid.   To obtain possession, they must be within reach
of process.   The writ here shows the real estate of the de-
fendants attached, and the disclosure shows $3,000 in the
hands of the trustee in this State, which shows that no
injury is done to the creditors by this non-residence.   It is
less trouble to go to Massachusetts than to go to Coös, as
is known to every body, and this argument would apply
with as much force to the case of an assignee resident out
of the county as to one out of the State.

As to the suggestion that the assignees may not be held
chargeable in another State as they would be here, it is well
settled such contract made here is to be construed by our
law.

Assignments for the payment of debts are now to be
favored, because they provide, agreeably to the equitable
policy of the law, for an equal division of the property
among the creditors.

No argument unfavorable to this assignment can prop-
erly be drawn from the fact disclosed, that there has been
no settlement of their account, because the pendency of
this suit is the cause of that delay.

BELL, J.   This disclosure admits $3,000 in the hands of
the trustee.   He must of course be charged for it, unless
he clearly discharges himself.   *Wright* v. *Ford,* 5 N. H.
Rep. 178; *Giddings* v. *Coleman,* 12 N. H. Rep. 156.   This
he has not done.   He says the property of the principal
debtor was assigned to himself and the other assignees, in

trust for the payment of the creditors; and as to any balance, to be repaid to the defendants. The trustee does not pretend to know or state that there are any creditors of the corporation, or that this money, or any part of it, will be required to pay any of its debts. In the absence of any statement or evidence upon this point, we are bound to regard this fund as held in trust for the corporation, and the trustee as chargeable for it. As by the assignment each trustee is answerable only for himself, he is properly to be charged alone. But as this point, obvious as it is, is not taken before us by the plaintiff's counsel, we may assume that the trustee may ask leave to know a little more about this trust than he has disclosed, and we therefore propose to look further.

And first, we notice that certain names are written upon this assignment acknowledging notice and assent to the assignment as creditors; yet nothing is said in the disclosure as to the fact, whether or not they are really creditors; nor whether they subscribed before the service of this writ upon the trustees, or afterwards; neither is it suggested that the trustees were themselves creditors.

In the case of *Leeds* v. *Sayward, & Jenness, Trustee,* 6 N. H. Rep. 83, in 1833, it was decided that the avails of property, assigned for the benefit of creditors, may be attached in the hands of the trustee by the trustee process; and the plaintiff will be entitled to recover any surplus which may remain over and above the amount of the debts of those creditors who have become parties to the assignment before the service of the process on the assignee: and *Parker,* J., who delivered the opinion of the court, says it cannot admit of a doubt, that this is a proper process, by which to attach any surplus, which would eventually belong to the debtor; 4 Mason's Rep. 223; and it would seem equally clear, that all the avails may be holden, in which the creditors had not acquired an interest prior to the service of the process. The question therefore is, whether a creditor who

had subscribed the assignment after the service of the trustee process, had by the deed acquired any interest, so that he is entitled to this money in preference to the plaintiff. It may be conceded that he is within the terms of the assignment, but, at the time of the service of the plaintiff's writ, he had in no way assented to it, nor become a party to it in fact. It has been suggested by eminent authority, that an assignment in such a case, being for the benefit of the creditors, their assent may be presumed. *Halsey* v. *Fairbanks & Trustee*, 4 Mason, 214. But after an attentive examination, we are unable to discover any ground upon which we can make such a presumption against a creditor who pursues his remedy at law. *Widgery* v. *Haskell*, 5 Mass. 153. Creditors may not deem such an assignment beneficial. It is for the payment of debts, but contains no assurance that the claims of any of the creditors shall be paid in full, except those in which the trustee is interested; and we cannot presume that the creditors would assent to this conveyance, and take a chance of receiving a dividend out of the property, instead of pursuing such other remedy for the recovery of their debts, as the law furnishes them. Nor do we discover any reason why he should attempt to raise such a presumption in favor of one creditor to the prejudice of another, having a bona fide debt, and more vigilant in the assertion of his rights. This is not a case which requires us to apply the doctrine of relation so as to make a subscribing creditor a party *ab initio* by his subsequent assent, as this would be to the prejudice of another creditor equally meritorious. At the time of the service of this process, it did not appear that any other creditor than those who had already executed it, would become a party to the assignment, or consent to be so considered. The principal debtor, then, was at that time, to the extent of the surplus over and above the amount of the claims of the creditors who had subscribed, the party in interest; and this interest was equally liable to be attached by this process, as any

overplus which might in any event belong to him. *Ingra-ham* v. *Geyer*, 13 Mass. 146; *Ward* v. *Lamson & Trustees*, 6 Pick. 358; *Viall* v. *Bliss & Trustee*, 9 Pick. 13.

A statute was passed in July, 1834, which provided that no assignment, made for the benefit of creditors, shall be valid, except the same shall provide for an equal distribution of all real, mixed, or personal estate among the several creditors of the person making the assignment, in equal proportion, according to their respective demands; nor until the assignor has made oath that he has placed and assigned, and that the true intention of his assignment was to place in the hands of his assignees all his property, of every description, except such as is exempted from attachment, &c., to be divided among his creditors, in proportion to their respective demands. This statute is substantially the same as the provision of the Revised Statutes.

In 1839, after the passage of this act, a question arose in regard to the validity of assignments of this kind, in the case of *Hurd* v. *Silsby*, 10 N. H. Rep. 108. It was there held, that an assignment to be executed by the creditors, and containing a clause by which they are to accept their several proportions in discharge of their claims, is invalid as against a creditor who institutes a foreign attachment against the assignee, on the ground that the assignment did not in fact provide for a distribution to all the creditors, but only to those who should sign.

In this case, the same learned judge says: " In the present case, the distribution is to be made among those who will become parties and release their demands. It certainly does not appear that all will be willing to do this; and if they are not,—if they do not execute the instrument,—no provision is made for them. An assignment under this statute should have no conditions annexed to it." And he then adds, perhaps extra-judicially, " it need not even provide that the creditors should become parties by executing it. If no conditions are annexed, the assignment being for the

benefit of all the creditors, the assent of all may be presumed until the contrary appears." *Halsey* v. *Fairbanks & Trustee*, 4 Mason, 207. But such assent cannot be presumed where a condition is affixed. 4 Mason, 207; *Leeds* v. *Sayward*, 6 N. H. Rep. 85.

Where there is no condition, the assent of the creditor being presumed until the contrary appears, the property is well held in trust for the benefit of all the creditors, until dissent is in some way manifested. It is competent, of course, for any one to dissent, but this will not destroy the assignment. If he causes the trustees to be summoned in such case, he can only take such surplus as may remain, after paying those who do not dissent.

Without controverting the general position, that the assent of the creditors may be presumed, if it appears that the assignment is for their benefit, and no dissent appears, since that is not in question in this case, we think it clear that no such assent can be presumed where the assignment contains any condition or stipulation which is in any degree calculated to defeat the object of the legislature, in providing for the equal distribution of all the property of the debtor among all his creditors, in proportion to their claims; but must be clearly shown by direct evidence of assent, or by proof of acts from which it may be fairly inferred.

We have examined the provisions of this assignment, to which the plaintiff objects, and it seems to us that the introduction of any provision in such an instrument, the effect of which is uncertain, and is matter of professional skill, might well be considered as a good reason for not presuming the assent of creditors without proof. Such a clause is of course designed to change the duties and liabilities of the assignees from those imposed by law, and may be fairly supposed to have in view their exemption from the burdens to which the law would subject them.

The first of the provisions objected to is, that "the trustees shall not be liable or accountable for more money or effects

than they shall receive." This changes entirely the point of time at which the liability of the trustee should commence. The object of the statute is to secure the distribution of all the property of the debtor among his creditors. This clause relieves the assignees from the duty of distributing all the property, and will be completely satisfied in terms, if they distribute all they receive. The assignees are usually selected by the debtor, are naturally chosen among his friends, and may be reasonably supposed to be inclined to favor him; but when they have been appointed, their principal duty is towards the creditors, to collect and secure the property of the debtor for their benefit. This is a duty, which, from their position, they require more than ordinary stimulants to perform. This clause exempts them from any obligation to the creditors to use any diligence, or make any effort to obtain the property; and leaves them at liberty, by their indifference, to suffer the debtor to retain any part of the property which he can keep out of their hands. This opens a door for gross fraud, and at the very point at which fraud would be most expected. The rule prescribed by the law is thus laid down in 2 Story Eq. Jur. § 1268: " A trustee is bound, by his implied obligation, to perform all those acts, which are necessary and proper for the due execution of the trust which he has undertaken;" and in § 1265, " He is to act in relation to the trust property, with reasonable diligence." To a provision like this, the assent of the creditors cannot be presumed.

By the second clause, to which objection is made, the assignees " are not to be liable for any loss or damage that shall happen *thereto*," that is, to the property they actually receive, " except the same shall arise by or through their own *wilful* default." By the law, the assignees are chargeable not only for wilful acts, but for negligence. 2 Story Eq. Jur. § 1287; and negligence of the assignees, in relation to their duty to the creditors, is the great danger in all such cases. This clause, then, relieves the assignees from

their legal and equitable duty, at one of the points where the rights of the creditors ought to be most strongly reinforced. It ought not to be presumed that any creditor, of reasonable prudence, would assent to an assignment by which he is prevented from exercising his own diligence to secure payment of his debt, and the assignees are not bound to exert any in his behalf.

By the third clause objected to, neither of the trustees is to be "liable or responsible for the neglect, or default, or misconduct of any other trustee." The general rule of the law is, that trustees are responsible only for their own acts, and not for the acts of each other. 2 Story Eq. Jur. § 1280–1; but this rule has its exceptions, and in cases where the one assignee is not chargeable with any wilful default. Ib. § 1284.. This clause tends, like the others, to relieve the assignees from the obligations of promptness, care and diligence, which are required by honesty and fair dealing in such cases. No assent ought to be presumed to an assignment, which in effect gives license to the assignees to suffer the property to be wasted by neglect. *Morrell* v. *Morrell*, 5 Johns. Ch. Rep. 283.

The effect of an assignment for the payment of debts must always be to delay, and usually to defeat the attainment of justice by the ordinary course of legal proceedings. It substitutes for the redress the law affords, by recourse to the debtor's property, the tedious and uncertain remedy against trustees in equity. The jurisdiction of our courts is limited to persons and property, within the reach of their process. The unavoidable effect of an assignment of the property of an insolvent debtor to an assignee resident out of the State, is to transfer the property out of the State, and beyond the reach of our tribunals, which have no mode of reaching either the assignee or the funds. If the debtor may make such assignment to a person in Massachusetts, he has an equal right to do it to one at New Orleans or San Francisco. Such assignments would have the effect

to place the property beyond the reach of the creditors, and to enable the debtor to defraud them. We think there can be no presumption that a creditor has assented to such an assignment; and that if a debtor chooses to select as assignees persons who reside abroad, he necessarily imposes on himself and them the burden of showing that the creditors have in fact consented to the arrangement. This objection must be equally strong, where a part of the assignees reside out of the State, especially where one is not responsible for another, as in this case, since it can no more be justified to place a part of the property out of the reach of creditors than the whole.

The same principle, that assent is not to be presumed, ought perhaps to be applied where the trustee is grossly disqualified, by his character or situation, properly to discharge such a trust; but no such question arises in this case.

Where the assent of the creditors is not to be presumed, the principles established in *Leeds* v. *Saywood & Trustee* must apply in their full force; and the plaintiff must be entitled to recover by this process any surplus which may remain above the debts of the creditors who have assented.

In the present case, as it does not appear that either of the assignees was a creditor, or that any creditor has assented to the assignment, the assignees must be regarded as the mere servants and agents of the corporation, and bound to them alone; and the trustee must be charged, if necessary, to the amount in his hands.