Parker, C. J.
The question in this case is, whether the assignment made by the debtor in Philadelphia is valid here, so as to defeat an attachment of the debt here under our trustee process.
This assignment could not be supported, if made within this State by parties residing or living here, and with a view to be here executed. It is voluntary on the part of the debtor, and involuntary on the part of his creditor. It has no legal consideration ; for the debts of those creditors who are to become parties are not discharged at the time ; and it shuts out from a participation of the funds all the creditors who will not give an absolute discharge of their debts. There is, indeed, but one party to the indenture, namely, the assign- or ; for the persons named are his agents, until the creditors sign the instrument. Such an assignment could not be supported here.†
It is said that it is valid in Pennsylvania, where it was made ; and that it ought to be admitted here, upon principles of comity. But we have no legal evidence, that it would be valid in that State against dissenting creditors. No statute of Pennsylvania has been shown, giving it validity; and the reasoning of the Court, in the case referred to by the defendant’s counsel, does not prove that such an assignment would be supported even there.
But supposing the assignment to have legal effect in the State of Pennsylvania, so as to bind the creditors within that State ; it does not follow, that it is to be received here, to the prejudice of creditors who are our own citizens. It is not required by the comity of nations. We might give effect to the assignment, so far as to permit the assignees to recover the debt in their own names ; as would be done in the case of assignees under the bankrupt or insolvent laws of foreign countries. But even in those cases, a citizen * who had actually seized the debt by attachment, before it was paid over to the assignee, would be protected in his lien ; certainly if no process had actually been commenced by the assignee to recover it.
The case of Le Chevalier vs. Lynch & al. (3) is strong to this point; for there the attaching creditor was protected against the assignees of the bankrupt in England; although the plantation, in which the foreign attachment was instituted, was within the same dominion where the bankrupt law was enacted ; and this case has been recognized as law by this Court, in the case of Dawes, Judge, &c. vs Boylston. (4)
To give effect to this assignment, so as to intercept the lien obtained by a creditor here, under the laws of our own State, when by the effect of that assignment he would be deprived of all oppor* *123 tunity of participating with the creditors in Pennsylvania in the proceeds of the debtor’s effects, would be an undue partiality towards foreign creditors, not warranted by the principles of justice, nor required by the comity of nations.

Defendant adjudged trustee.

[Blake vs. Williams, 6 Pick. 286; Cushing on Trustee Process, page 71, et seq., and notes. — Ed.]

 Blanchard vs. Russell, ante, p. 6.

 Doug. 170.

 9 Mass. Rep. 350.