B. F. BRUCE, The, (MILLIGAN v.) See Case No. 9,602.

---

## Case No. 1,381.

### BHOLEN et al. v. CLEVELAND et al.

#### [5 Mason, 174.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1828.

ASSIGNMENT FOR BENEFIT OF CREDITORS—SUBSEQUENT ATTACHMENT—PRIORITY.

Where goods, on consignment at Boston, were, on the failure of the owners, assigned for the benefit of creditors, and before notice of the assignment could be reasonably given to the consignees, another creditor of the debtor's attached them, by a trustee process, in Boston, the debtor and the creditors being citizens of the state of Pennsylvania; it was *held*, that the assignment, if bona fide, was a sufficient title to pass the goods to the assignees, and would overreach the trustee process.

[Cited in Perry Manuf'g Co. v. Brown, Case No. 11,015; Whetmore v. Murdock, Id. 17,509.]

Trover [by John Bholen and another against Aaron P. Cleveland and another] for certain cases of merchandise. Plea, not guilty. [A verdict was rendered for plaintiff.]

At the trial, the facts appeared to be these. The firm of George & Alexander Holdball, of Philadelphia, consigned the goods in ques-

---

[1] [Reported by William P. Mason, Esq.]

tion to the defendants at Boston, and afterwards, on the 5th of April 1825, failed, and assigned their property, including these goods, to the plaintiffs, who were their creditors, for the benefit of their creditors generally. At the time of their failure, they were indebted to John Evans of Philadelphia; and, on the same day on which the assignment was made in Philadelphia, Evans wrote a letter to Boston directing a suit for his debt, against the defendants, as trustees of G. & A. Holdball. On the 9th of April 1825, on the arrival of the mail and the receipt of this letter, a process issued accordingly from the state court, and the defendants were sued as trustees. The plaintiffs, as soon as they reasonably could afterwards, made a demand upon the defendants for the same goods, offering to pay them their commissions and charges. The defendants refused to deliver them. The trustee process is still pending in the state court. The question was, whether, under these circumstances, the plaintiffs were entitled to recover.

Mr. Webster, for plaintiffs.
Sewall & Aylwin, for defendants.

STORY, Circuit Justice. The whole controversy turns upon this single point, whose was the property in these goods at the time when the trustee process was served? It is to be recollected, that this is the case of a general assignment made in Philadelphia, and the plaintiffs, as well as Evans, are citizens of the state of Pennsylvania. Their rights are, therefore, to be judged of by the laws of that state. It is not denied, that general assignments of this nature in favour of creditors, if bona fide, are valid, by the laws of that state, to pass the property contained therein. It is not denied, that the present assignment is bona fide and valid in its execution. The question is, whether it was legally sufficient to convey goods locally situated in Boston. As against the assignor himself, there can be no doubt. No immediate delivery was practicable; nor is it necessary in cases, where goods are not at the time within the reach of the parties. It is sufficient, if the assignees perfect their title to the goods, within a reasonable time afterwards, by a notice of their title and demand of the goods, or obtaining an actual delivery. After the assignment, the consignees held the goods for the benefit of the persons, who had the legal title thereto. The assignment worked an immediate transfer of the ownership.

If the law be so, as against the assignor, how can his creditor, Evans, be in a better situation? At the time of the service of the trustee process, the goods were no longer the property of the Holdballs. They had transferred them to the plaintiffs. It was not a race of diligence, where the first, who could attach them, would hold them. Nothing could

be attached under the trustee process but the property of the Holdballs. It is not true, as the argument supposes, that no property in the goods passed to the plaintiffs, until they perfected their title by a notice and demand. Their title to the goods was complete by the execution of the assignment, subject to be defeated by their laches in not giving reasonable notice, or in not following up their title to possession. And, if the title were merely inchoate, still by the notice within a reasonable time, it became, by relation, good from the beginning. An inchoate title of this sort, would not be defeated by an intermediate attachment, unless there were laches.

Several years ago, the same question came before me, in a case in Rhode Island; and it was then ruled, as it is now ruled. That judgment was acquiesced in. If the defendants' counsel think me wrong, they can file a bill of exceptions to this opinion, and carry the cause to the supreme court for a final decision.

Verdict for the plaintiffs.