## Samuel Newman *versus* Oliver Bagley and Trustee.

An assignment by a debtor, of his choses in action, to indemnify his assignees and others for their liabilities on his account, if it does not appear by the instrument that these liabilities are not sufficient to absorb the choses in action, is *primâ facie* valid against a subsequent attachment of the choses in action by the trustee process, and it is for the attaching creditor to impeach the assignment, if it be impeachable.

An assignment by a partner of his separate property, in trust for the payment of the partnership debts, is valid as against a separate creditor of such partner.

ASSUMPSIT. The writ was dated January 27, 1834. By the answer of the trustee it appeared, that at the time of the service of the writ, he was indebted to the defendant in the sum of $25; that on January 10, 1834, the defendant and Levi Vosburgh, of Hillsdale in New York, as members of the late firm

of Bagley and Vosburgh, and the defendant, in his individual capacity, and also as member of the late firm of Hinman & Bagley, assigned to Nicholas Hollenbeck and Lewis Haywood, who were likewise inhabitants of Hillsdale, all the books of account, notes, obligations and evidences of debt, belonging to the defendant or either of the two firms, with full power to collect the debts and demands, in trust to apply the proceeds thereof, proportionably, to the indemnification of the assignees and certain other persons named, who had become indorsers or sureties for the defendant and the two firms ; and that on June 14, 1834, notice of such assignment was given to the trustee.

*C. A. Dewey* and *Sumner*, for the trustee.

*Bishop* and *Nash*, for the plaintiff.

Wilde J. afterward delivered the opinion of the Court. The trustee in his answer admits, that he was indebted to the principal, but he discloses an assignment of this, and other debts and property, from Bagley to Nicholas Hollenbeck and Lewis Haywood, made before the service of the plaintiff's writ ; and the question is, whether this assignment is valid, so as to defeat the plaintiff's attachment in this process. It has been argued, that the assignment is good by the law of New York, however it may be considered here, and that an assignment by a foreign debtor, which is good by the law where he has his domicil, is valid and will be supported here. This seems to be the established rule ; but we consider this assignment valid by our laws, as well as by the laws of New York ; so that this point becomes immaterial. For aught that appears, the liabilities of the assignees might be sufficient to absorb the debts assigned, or other creditors may have assented to the trust. The assignment therefore is *primâ facie* good, and it is for the plaintiff to impeach it, if it is liable to impeachment ; which he has failed to do. The case, therefore, is distinguishable from that of *Ingraham* v. *Geyer*, 13 Mass. R. 146 ; for in that case the assignment was void by our laws as against the attaching creditor, and it did not appear to have been otherwise by the laws of Pennsylvania. This assignment also is distinguished from assignments made under foreign bankrupt or insolvent laws. The distinction is noticed

*Margin: Newman v. Bagley & Tr.*

*Margin: Sept. 17th.*

Newman
v
Bagley
& Tr.

in *Blake* v. *Williams*, 6 Pick. 307, and it is there strongly intimated, that an assignment good in the place where made, without the intervention of a commission of bankruptcy, would be availing here. *A fortiori*, where valid by our laws.

But it is objected, that a partner cannot assign his separate property to pay partnership debts, so as to avail against the separate creditors of the assignor. This objection, however, does not appear to be well founded. It is true, that the creditors of an individual partner cannot attach partnership property to the prejudice of partnership creditors ; because a partner has no distinct and separate property in the funds of the part nership, until the debts of the partners are paid ; but this reason fails in regard to an assignment by a partner of his separate property. That is equally liable to attachment by his own creditors, or the creditors of the firm, and an assignment to pay either is good.

*Trustee discharged.*