## MOORE and others *vs.* WILLETT, Sheriff, &c.

A foreign assignment may convey title to property here, and take effect as a transfer thereof, as against a creditor of the assignor, in this state, who has seized the property under an execution

Provisions in a voluntary assignment, good where the assignment was executed, but which would render it void were the assignment made in this state, will not destroy its efficacy and validity here.

Where the property assigned is a vessel, on the high seas at the time, the assignment will operate at sea, irrespective of our laws; and the title will pass to the assignees, if the assignment is valid in the place where it was executed.

MOTION for judgment on a verdict taken at the circuit, subject to the opinion of the court. The action was brought by the plaintiffs as assignees under an assignment made for the benefit of creditors, by a debtor residing in North Carolina. The object was to recover possession of a vessel, claimed to have been a part of the assigned property, and which had been levied upon by the defendant as sheriff, under an execution issued against the assignor, upon a judgment recovered in this state.

*B. D. Silliman,* for the plaintiffs.

*J. W. Gerard* and *A. J. Vanderpoel,* for the defendant.

*By the Court,* INGRAHAM, J.   The plaintiffs claim title to a vessel, under a transfer made to them by an insolvent debtor, in North Carolina. The assigment was a voluntary one. At the time of the assignment the vessel was at sea, on a voyage from the West Indies to New York. On her arrival at New York she was seized under process issued to recover claims for supplies, &c., which claims were discharged, and the vessel was delivered to the possession of the plaintiffs by the United States marshal. After these proceedings, she was levied on by the defendant, as sheriff, under an execution issued upon a judgment recovered in this state against the assignor, who lived in North Carolina. This action was

brought to recover the vessel, for the assignees, from the sheriff.

It is conceded that the assignment contained a clause allowing the assignees to sell on credit, and also to continue the business, at their election. Such authority to assignees is shown by the evidence to be consistent with the law of North Carolina, and does not invalidate the assignment there; while it is equally clear that under the decisions of the courts of this state the assignment, if made here, would be declared void. The defendant claims that inasmuch as the assignment would be void in this state, no title passed to the assignees, and they can maintain no action for the assigned property, under it. This naturally involves two questions: 1st. Whether a foreign assignment can convey title to property here, so as to give it effect against a creditor here who has seized the property, either under an attachment or an execution; and, 2d. Whether provisions, in the assignment, good where it was executed, but rendering it void in this state, destroy its efficacy and validity here.

It has been repeatedly held that a statutory assignment does not have preference over a lien acquired by a creditor residing where the property is situated. (23 *Wend.* 87. 2 *Kent*, 406.) But a greater effect has been given to a voluntary assignment, made abroad, so as to give it validity, even against the claims of domestic creditors who did not acquire their lien before the assignment. (*Holmes* v. *Remsen*, 20 *John.* 260. *Frazier* v. *Fredericks*, 4 *Zabris. Rep.* 162.)

In some of the eastern states a contrary rule appears to have been adopted, viz. to sustain the lien by attachment against a foreign assignment. Of such cases are *Ingraham* v. *Geyer*, (13 *Mass. Rep.* 146,) *Fox* v. *Adams*, (5 *Greenl. Rep.* 245,) and several others, cited by the defendant. But all those cases relate to choses in action, and not to goods or other personal chattels capable of possession. The reasoning on which these cases have been placed does not appear to have been satisfactory. A contrary course of decisions may

Moore *v.* Willett.

be found in *Speed* v. *May*, (5 *Harris*, 91 ;) *Law* v. *Mills*, (18 *Penn. State Rep.* 185 ;) *Bholen* v. *Cleveland*, (5 *Mason*, 174 ;) *Caskie* v. *Brown*, (2 *Wall. jun.* 131.) In these cases effect is given to a voluntary assignment valid in the state where it was executed, over an attachment issued in the state where the property is located.

In *Tyler* v. *Strang*, (21 *Barb.* 205,) Justice Strong says, "where the assignment was made in this state and related to personal property, upon the general principle that the *lex loci contractus* controls the nature, construction and validity of the contract, it is clear, I think, that the validity and effect of the assignment and the delivery of possession necessary to sustain it, depends on our laws." And this was so held where the property was in another state.

In *Caskie* v. *Brown*, (2 *Wallace, jun.* 131,) the question was distinctly examined by Justice Grier, who held that a transfer of personal property which is valid by the law of the domicil of the assignor will operate as a transfer which should be regarded in all places. And in reviewing the case of *Ingraham* v. *Geyer* he adds : These decisions are not binding, as authority, beyond the states in which they are made. Sitting as a court of the United States, we do not think that the different states of this union are to be regarded in the relation of states foreign to each other ; especially in questions relating to the commerce of the country. The same doctrine was held by Mr. Justice Story, in *Bholen et al.* v. *Cleveland*, (5 *Mason*, 174.)

There is also an additional fact in this case which adds much to the plaintiffs' claim of title ; and that is, that at the time of the assignment the vessel for which this action was brought was on the high seas. The assignment would operate there, irrespective of our laws ; and the title would pass to the plaintiffs if the assignment was valid in the place where it was made. The title having once passed, the subsequent arrival of the vessel here, and the levying of an execution here, could not defeat the plaintiffs' title previously

Moore *v.* Willett.

acquired; and that more especially if before such levy the plaintiffs had, in any manner, taken possession of the assigned property.

The question as to the law of North Carolina was left to the jury as a question of fact, and with their finding on that question we do not interfere.

The other questions, as to the admission of the evidence, we think were properly decided, and need no further examination here.

Our conclusions are that the judgment should be for the plaintiffs, on the verdict.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]