FREDERICK H. CRAGIN *vs.* JOSHUA B. LAMKIN & trustee.

The unwritten or common law of another state may be proved, at an argument in this court, by the books of reports of cases adjudged in its courts.

If an assignment of property, the whole of which is situated in another state, is made by a citizen of that state to a citizen of this commonwealth, and is valid by the laws of that state, the assignee is not liable to be charged as trustee of the assignor in a trustee process instituted here in favor of a citizen of this commonwealth.

TRUSTEE PROCESS. The trustee in his answer set forth that the defendant, a citizen of Illinois, failed in April 1861, and executed an assignment of his property to Luther L. Greenleaf, of Chicago, Illinois, and to the alleged trustee, in trust for the benefit of his creditors, and a copy of the assignment was annexed, by which it appeared that certain of the creditors were preferred over others; that the trustee was a citizen of this commonwealth; that the assignees accepted and had partly executed the trust; that the trustee now has in his hands certain funds

which have been realized from sales of the assigned property; that the assignment was executed in Illinois, and all the property was situated there, and the trustee is advised and believes that the assignment was made in pursuance of the laws of that state, and is valid and binding; and that he has no other goods, effects or credits of the defendant in his hands.

Upon these facts the trustee was discharged in the superior court, and the plaintiff appealed to this court.

*H. C. Hutchins,* for the plaintiff.

*H. W. Paine & J. W. Hubbard,* for the trustee, cited *Cross* v. *Bryant,* 2 Scam. (Ill.) 36; *Howell* v. *Edgar,* 3 Scam. (Ill.) 417; *Cooper* v. *McClun,* 16 Illinois, 435; *Wilson* v. *Pearson,* 20 Illinois, 81, 84.

METCALF, J. Foreign laws are to be proved as facts; and by the Gen. Sts. *c.* 131, § 64, the books of reports of cases adjudged in the courts of any other of the United States are admissible as evidence, in the courts of this state, of the unwritten or common law of those other states.

The trustee says in his answer that he is advised and believes that the assignment of the property which was taken and sold by him and his co-assignee, and part of the proceeds of which is still in his hands, was made pursuant to the laws of the state of Illinois, where said assignment was executed, and is valid and binding. And this is satisfactorily proved by the reports of the cases adjudged by the supreme court of Illinois, which have been cited by the trustee's counsel. Those cases show that by the common law of that state the assignment in question is valid.

By the decisions in this commonwealth, (contrary to those which have been made in other states, as appears from Burrill on Assignments, (2d ed.) *c.* 30, and *Hanford* v. *Paine,* 32 Verm. 442,) if any part of the assigned property had been in Massachusetts, the assignment thereof would not have been valid against the assignor's creditors here. *Ingraham* v. *Geyer,* 13 Mass. 146. *Zipcey* v. *Thompson,* 1 Gray, 243. *Boyd* v. *Rockport Steam Cotton Mills,* 7 Gray, 406. But it is stated in the answer of the trustee that all the property conveyed by the

assignment in this case was in the state of Illinois, where the assignment was made and the property sold. That part of the proceeds of the sale which is now in the trustee's hands cannot be taken from him by Massachusetts creditors of the assignor; but he is entitled to retain it for appropriation according to the terms upon which the property was assigned. As the *situs* of the property assigned and the domicil of the assignor were in Illinois, the assignment, which is valid there, must be held to be valid here. *Wales* v. *Alden,* 22 Pick. 245. Story Confl. Laws, § 423 *a, f.*                                        *Trustee discharged.*