McIlvaine, J.
If it were conceded that under the act of April 6, 1859, regulating the mode of administering assignments in trust for the benefit of creditors, as amended March 16,1860, such assignments only as are made by debtors residing in this state, are subject to the supervision and control of probate courts, such restriction upon the jurisdiction of the probate courts in such matters would not affect the validity of an assignment in trust for the benefit of creditors, of property situate in this state, made by a debtor residing in another state or country; nor is the title of an assignee of such non-resident debtor at all affected by the fact that a probate court of the county in which such assigned property may be located has assumed jurisdiction over the administration of such trust. The validity of such assignments is not, in any case, affected by this legislation, but only the mode.of administering them-so that the validity of all such assignments must be determined by the general law in relation thereto ; and the administration of those made by non-resident debtors would remain subject to the control of courts of equity.
The deed of assignment, made by Wallace to Sharp as trustee, is unobjectionable in form and substance, and the power of the parties to enter into the contract is not disputed ; nor is there any question as to the effect of an assignment executed in another state and valid under the laws thereof, but in contravention of the established law of this state; as the terms and intent of the assignment before us are in entire harmony with the .policy of our laws in relation to such assignments. It would seem, however, that some reliance is placed by plaintiff in error on the fact, that possession of the assigned property was not transferred to the assignee before the seizure under the attachment. As to this point we will only say, in this connection, that, under the law of this state, actual change of the possession of personal property from a vendor to the vendee, or from the assignor to the assignee, is not essential to a complete sale and transfer of the title.
The sole question in the case is, did the assignment of *618 the attached property from Wallace to Sharp take effect, as against the attachment of the plaintiff in error, under the rules of the common law ? '
The inquiry therefore arises, first, was the contract of assignment complete, as a common law contract, before the attachment was levied ? The record shows, that the deed of assignment was prepared by Sharp, the assignee, who was a creditor of the assignor, and a resident of the State of Ohio, and was sent to Wallace, the assignor’, who was a resident of the State of Missouri, for execution ; and that Wallace having duly signed, sealed, and acknowledged the same; deposited the deed in the post-office at Rolla, in the State of Missouri, to the address of Sharp in the State of Ohio, at the hour of 7|- o’clock a. m., of November 16,1874, which was seven and a half hours before the attachment was levied upon the property. The deed was received by Sharp in due course of mail, who immediately entered upon the execution of the trust. In our opinion, the assignment was complete and effectual to pass title to the assignee, eo instanti, that the deed was placed in the post-office. By that act the assignor ceased to have control of it, and having placed it in the- mail for Sharp,
the assignee, who, by his jwevious conduct, had consented to accept the trust, the possession of the carrier must be. regarded as the possession of the assignee. This view is-sustained by the following authorities. Prince v. Yates, 2 Tread. 770; Dargan v. Richardson, Cheves, 197; Merrills v. Swift, 18 Conn..257 ; McKinney v. Rhoads, 5 Watts, 343; Smith v. Bank of Washington, 5 Serg. & Ráwle, 318; Shuber et al. v. Winding, Cheves, 218 ; Wilt v. Franklin, 1 Binn. 502 ; SJdpwith v. Cunningham, 8 Leigh. 271; Read v. Robinson, 6 Watts & Serg. 329.
The next inquiry is, whether the assignment, being executed in Missouri, of property situated in Ohio, was effectual to pass iitle as against subsequent attaching creditors in the latter state ?
The proposition involved in this inquiry is somewhat analogous to the conflicting claims-arising” under our at *619 tachment laws and a foreign bankrupt assignment; but, in our judgment, the solution of the question before us can not be determined by the weight of the authorities upon the latter ; and chiefly for the reason, that the principle of comity should be recognized in a greater degi’ee between the members of our union, which are subject, under the general government, to a common system of bankrupt-laws, than between our own and foreign governments with whom we sustain no such intimate governmental relations.
It must be conceded, that the decided weight of authority, in this country, is, that our courts will not subject our citizens to the inconvenience of seeking dividends under a foreign assignment in bankruptcy, when they have the means of satisfying their claims at home; and, possibly, the same may be said when the preference is sought over any involuntary assignment of the debtor’s property, made' in inviium or by operation of law.
But it appeal’s to us that a different rule should be maintained where a voluntary assignment is made in one state of the Union of' property situate in another, and in conformity with the policy and requirements of the laws of the latter state. The common right of every one to dispose of his property wherever he may be, and a reasonable acknowledgment of the principle of comity, which should exist between sister states of this Union, would seem to require a different rule, and such doctrine has been recog-' nized in several of the states. Hanford v. Payne, 32 Vermont, 442; Farrington v. Allen, 6 Rh. Isl. 449; Law v. Mills, 18 Penn. St. 185; Varnam v. Camp, 1 Green, 326; Moore v. Bonnell, 2 Vroom, 90; Caskie v. Brown, 2 Wallace, Jr. 131; Bholen v. Cleveland, 5 Mason, 174; Moore v. Willett, 35 Barb. 663.
In our own state, it was held in Sortwell v. Jewett, 9 Ohio, 180, that an assignment made by an insolvent debtor, residing abroad, of lands situate in Ohio, will not be superseded by a subsequent foreign attachment, and in Fuller v. Steiglitz, 27 Ohio St. 355, it was held that an assignment of a chose in action by a foreign insolvent debtor for the benefit *620 of his creditors passed the title and right of action to the assignee, as against a subsequently matured cross-demand held by the debtor in this state.
It is true, that great contrariety of opinion on this general subject has been expressed by the courts of this country, but on the whole, we think, that Mr. "Wharton, in his work on the Conflict of Laws, section 353, has fairly stated the view most fully sustained, in these words: “We may, therefore, hold it to be the law in the United States, that an assignment made in one state of personal property in another (such property not being in transit or following the owner’s person), passes no title to such property as against attaching creditors of the assignor, such creditors being domiciled in the latter state, when such assignment is invalid by its laws.” And we think the implication arising from the language quoted is also sustained by the weight of current authorities, namely : that if such assignment be valid, or, in other words, be in harmony with the laws of the state where the property is situated, the title, passes, and the rights of the assignee should be protected against subsequent attaching creditors.
There is another ground, however, upon which the assignment should be preferred to the attachment in this case. The assignee was a creditor of the assignor and a resident of this state. The conditions of the trust, as well as the form of the assignment, was in strict conformity to the policy and laws of this state; and by the express terms of the assignment the trust was to be administered “ for the benefit of all his (the assignor’s) creditors under the insolvent laws of the State of Ohio.” Now, surely, under these conditions, the assigned property also being in this state, there can be no good reason found, why the courts of this state should refuse to recognize and administer this trust for the beneficiaries in as full aud ample a manner as it' the assignment had been executed in this state or by a resident of this state. Surely the rights and conveniences of our own citizens under such an assignment should not *621 be deferred to those of a subsequent attaching creditor residing in another state.

Judgment affirmed.