C. MONTING and thirteen others *vs.* LEONG KAU and LAM YIP, comprising the firm of YEE HOP & CO.

IN EQUITY.   HEARD DECEMBER 17th, 1888, BY CONSENT.

APPEAL FROM DECREE OF MR. JUSTICE BICKERTON, CONFIRMING MASTER'S REPORT.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The report of a Master in Chancery upon questions of fact referred to him has substantially the weight of a verdict of a jury and is not to be set aside or modified without clear proof of error or mistake on his part.

On a review of the evidence no error is found in the report.

OPINION OF THE COURT, BY JUDD, C.J.

This is a bill in equity for an account. The plaintiffs and defendants are co-partners, doing business as rice planters at Mokuleia, Waialua, Oahu, under the name of Wing Hong Wai Company.   The accounts were referred to Henry Smith, Esq., a Master in Chancery, who took the testimony offered on both sides as to the disputed items and made several reports to the Court, his investigations extending over several months.   His final report was confirmed by Mr. Justice Bickerton on the 28th September, 1888, and an appeal was taken from the decree. The sole point of exception presented to us is in respect to 739 bags of paddy of the value of $1335, which plaintiffs contend were sent from the plantation at Waialua to defendants who were the agents or managing partners of the co-partnership, and which plaintiffs claim should be credited to the company by defendants.

The Master found that the paddy in question was not the property of the partnership but belonged to another company of planters, to wit, the Sun Hong Wai Company, who occupied land in the neighborhood and of whom the defendants were also agents.

We are unable to disturb this finding. The settled practice of courts of equity is to regard the report of a Master upon questions of fact referred to him as having substantially the weight of the verdict of a jury, and his conclusions are not to be set aside or modified without clear proof of error or mistake on his part. *Trow vs. Berry*, 13 Mass., 146

The paddy in question, it is admitted by both parties, was of the second crop of 1884, which is usually harvested in the latter months of the year, and was sent up to Mr. Hopper's cleaning mill in Honolulu marked " S. H. W ," the mark of the Sun Hong Wai Company. The plaintiffs claim that it was fraudulently delivered by defendants to the mill as the property of that company, whereas it should have been credited to the Wing Hong Wai Company of which they were partners. The defendants had interests in both these companies and a greater interest in the plaintiffs' company, and it is difficult to see, without explanation, why they should have been willing to deprive the company (in which they were larger owners) of this property, if it really belonged to it. But we are shown an item of $78.05 in the account furnished by defendants of their dealings with the partnership, paid by them to the Pacific Navigation Company in January, 1885, as " freight," and it is argued that th.s item was for freight on some 1133 bags of paddy shipped from Waialua to Honolulu, which included the 739 bags in dispute. The charge in the account is simply " freight," not freight on paddy. Counsel argue that at 7 cents a bag, the 1133 bags would pay a freight of $79.31 which is near enough to the item of $78.95 in the account to be considered as the same item.

If the defendants had charged the company with the " freight " upon the 739 bags of paddy in dispute, it would be evidence that they regarded it as the plaintiff company's property. But it is not so charged in the account, and we cannot presume that this charge was upon paddy alone.

What appears to us as decisive of the matter is the proofs of the actual area of land from which the second crop of 1884 was taken. The plaintiffs claim that it was 35 acres, because rent

for this amount of land was paid by the company. But it appears from the proofs on file that although rent for 35 acres was paid, it was paid in advance on the expectation that all would be cultivated, and the landlord on finding that 19 acres had not been planted, deducted the rent therefor at the next settlement, leaving it quite clear that he was satisfied that only 16 acres was actually cultivated in rice for that harvesting. It yielded by the defendants' account 394 bags, which is less by nine bags per acre as compared with the yield of twenty acres for the crop previous, which was 676 bags, and which may be accounted for by the vicissitudes of wind and rain storms which lessen the crop, if occurring at or shortly before the harvesting. However this may be, if 35 acres could reasonably have produced 1133 bags, only 16 acres could not.

Upon the whole case we find no error in the Master's finding, and accordingly overrule the exception and affirm the decree.

*W. R. Castle* and *W. A. Whiting*, for plaintiffs.

*A. S. Hartwell*, for defendants.